# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

DARYL MCLEMORE,

    Debtor.

Case No. 20-32131-WRS
Chapter 13

## MEMORANDUM DECISION

On February 7, 2022, this Court entered a Memorandum Decision and Order calling for the Debtor's personal injury lawyers to repay to the estate $40,000.00, that had been converted by the Debtor and his lawyers. (Docs. 85 & 86). Benjamin Harrelson, one of the personal injury lawyers, has filed a timely motion to alter and amend this Court's February 7, 2022 Order. (Doc. 90). For the reasons set forth below, the motion is denied.

### I. Facts

The facts have been set out in detail in the February 7 Memorandum Decision and will be briefly summarized herein. The Court previously confirmed a Chapter 13 Plan which called for the Debtor to pay over to the Chapter 13 Trustee for the benefit of the Debtor's unsecured creditors any proceeds stemming from a personal injury claim. Upon settling the personal injury claim, Harrelson paid the settlement proceeds to the Debtor, contrary to the terms of the confirmed Chapter 13 Plan. In effect, Harrelson's actions caused the conversion of estate property by distributing to the Debtor the funds that had been pledged to be paid over to the Chapter 13 Trustee for the benefit of the Debtor's unsecured creditors. When the Trustee learned the creditors had been cheated, she took action to make them whole. The main purpose of this Court's February 7 Memorandum Decision was to determine whether the estate should be

made whole, and if so, by whom. Harrelson now claims that it should be the Debtor and not him who should repay the estate.

## II. Law

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E). This is a final order.

Harrelson's Motion to Alter and Amend is governed by Fed. R. Bank. P. Rule 9023. The standard to grant such a motion is well established. The movant must prove one of the following:

1. An intervening change in the law,

2. Consideration of newly discovered evidence, or

3. The need to correct clear error or prevent manifest injustice.

*Carn v. Audientis, LLC, (In re Specalloy Corp.)*, 585 B.R. 916, 919 (Bankr. M.D. 2018); *In re Danley*, 540 B.R. 468, 474 (Bankr. M.D. Ala. 2015). Harrelson does not make any claim that there is an intervening change in the law or that there is a need to correct clear error or prevent manifest injustice.

Instead, Harrelson re-argues his case by putting before the Court a number of facts which were not contained in his earlier filings. Harrelson argues that his client, the Debtor, is the wrongdoer here and should bear the loss.[1] Harrelson make a generalized argument that these

---

[1] The Court does not disagree with Harrelson's contention that the Debtor should bear the loss and it did not intend place any barriers before Harrelson if he wants to pursue the Debtor to make good on the loss. The Court discusses the possible amendment of the Debtor's Plan which, if done, may inure to Harrelson's benefit. *See* Doc. 86, p. 19. The Court's point is that the creditors should first be made whole. Then, to the extent that Harrelson's loss can be shifted

-2-

Case 20-32131    Doc 93    Filed 03/02/22    Entered 03/02/22 08:50:15    Desc Main
Document    Page 2 of 4

new facts, which he has not put before the Court, were not previously available because of the attorney-client privilege. Leaving aside the difficult question of whether communications between a lawyer and his client to convert property of the estate are properly the subject of attorney-client privilege, he must still show why the evidence was not previously available. Harrelson fails to explain how these new facts are available now, but not previously. The facts in question were all known by him at all times relevant to these proceedings.

### III. Conclusion

For the reasons set forth above, the Court finds the Debtor has failed to carry his burden of establishing facts of a strongly convincing nature to justify a reversal of its decision. There being no change in law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice, the Motion to Alter and Amend is DENIED. An order will enter by way of a separate document.

Done this 2nd day of March, 2022.

William R. Sawyer
United States Bankruptcy Judge

---

to the Debtor, the Court has no quarrel. On the other hand, the Court has no basis at this time to determine whether Harrelson's action against the Debtor would be barred by the doctrine of *in pari delicto*.

c: Debtor
Paul D. Esco, Attorney for Debtor
Sabrina L. McKinney, Trustee
Bankruptcy Administrator
Benjamin E. Harrelson
Alexander Shunnarah Injury Lawyers, P.C.

Case 20-32131   Doc 93   Filed 03/02/22   Entered 03/02/22 08:50:15   Desc Main
Document    Page 4 of 4